|,ON APPLICATION FOR REINSTATEMENT
 

 PER CURIAM.
 
 *
 

 This proceeding arises out of an application for reinstatement filed by petitioner, Hany Zohdy, an attorney who is currently suspended from the practice of law in Louisiana.
 

 UNDERLYING FACTS AND PROCEDURAL HISTORY
 

 In
 
 In re: Zohdy,
 
 04-2361 (La. 1/19/05), 892 So.2d 1277, petitioner was suspended from the practice of law for three years, with one year deferred, for his conduct in two nationwide class action suits in federal court, which included filing frivolous claims and appeals and undermining settlements. Petitioner subsequently filed an application for reinstatement with the disciplinary board, alleging he has complied with the reinstatement criteria set forth in Supreme Court Rule XIX, § 24(E). The Office of Disciplinary Counsel (“ODC”) took no position regarding the application for reinstatement. Accordingly, the matter was referred for a formal hearing before a hearing committee.
 

 After considering the evidence presented, the hearing committee recommended petitioner be conditionally reinstated to
 
 *658
 
 the practice of law. The disciplinary board agreed petitioner has satisfied the requirements for reinstatement by clear and | ^convincing evidence.
 
 [1]
 
 Accordingly, the board recommended to this court that petitioner be granted reinstatement.
 

 After considering the record in its entirety, we will adopt the disciplinary board’s recommendation. Petitioner shall be reinstated to the practice of law.
 

 DECREE
 

 Upon review of the findings and recommendation of the hearing committee and disciplinary board, and considering the record, it is ordered that Hany Zohdy, Louisiana Bar Roll number 21409, be immediately reinstated to the practice of law in Louisiana. All costs of these proceedings are assessed against petitioner.
 

 *
 

 Chief Justice Kimball not participating in the decision.
 

 [1]
 

 . Petitioner’s first application for reinstatement was denied in 2008.
 
 In re: Zohdy,
 
 08-1575 (La. 10/10/08), 993 So.2d 1271. In the instant matter, the ODC argued reinstatement could not be granted unless petitioner showed a change in circumstances, which is the requirement in bar admission cases.
 
 See In re: Jordan,
 
 00-3006 (La.12/15/00), 775 So.2d 1065, and
 
 In re: Hinson-Lyles,
 
 05-2446 (La. 1/24/06), 919 So.2d 721. The disciplinary board adopted the ODC’s argument, but determined petitioner has demonstrated a change in circumstances warranting reconsideration of the denial of the earlier application for reinstatement.
 

 The criteria for readmission or reinstatement are clearly outlined in Supreme Court Rule XIX, § 24, and pursuant to Supreme Court Rule XIX, § 24(1), the court identifies the period of time after which a petitioner may reapply for readmission or reinstatement following an adverse judgment. A review of Section 24 reveals nothing that requires the petitioner to show a change in circumstances when applying for readmission or reinstatement. Accordingly, we decline to apply the change in circumstances rule to readmission and reinstatement proceedings.